UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., and HANDA PHARMACEUTICALS, LLC,<br><br>Plaintiffs-Counterdefendants,<br><br>v.<br><br>TAKEDA PHARMACEUTICAL CO., LTD., TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKDEA PHARMACEUTCALS AMERICA, INC., and TAKEDA PHARMACEUTICALS U.S.A. INC.,<br><br>Defendants-Counterclaimants. | Case No.:    13-CV-01927-LHK<br><br>Related to:  13-CV-02416-LHK<br>                   13-CV-02418-LHK<br>                   13-CV-02420-LHK<br><br>ORDER RELATING CASES PURSUANT TO CIVIL LOCAL RULE 3-12 |

The three Motions to Relate addressed by this Order concern the latest of numerous actions brought by or against Takeda Pharmaceutical Company, Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc. (collectively, "Takeda") related to patents underlying Takeda's acid reflux drug, Dexilant. *See* Case No. 13-CV-01927-LHK, ECF Nos. 47 (First Motion to Relate), 50 (Limited Opposition to First Motion to Relate); Case No. 13-CV-04001-EMC, ECF Nos. 18 (Second Motion to Relate), 48, Ex. A (Response to Second Motion to Relate); Case No. 13-CV-4002-EJD, ECF No. 17, Ex. A (Third Motion to Relate). All of these actions concern the submission of Abbreviated New Drug Applications ("ANDA") to the U.S. Food and Drug Administration by pharmaceutical manufacturers seeking to produce generic

1

Case No.: 13-CV-01927-LHK
ORDER RELATING CASES

versions of Dexilant. For the foregoing reasons, the Court GRANTS the First and Second Motions to Relate and DENIES as moot the Third Motion to Relate.

## I.     BACKGROUND

On August 28, 2013, Takeda filed two separate actions against Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Mylan"). The first of the August 28, 2013 actions filed by Takada alleges that Mylan infringed on two of the Takada patents associated with Dexilant: 8,173,158 and 8,461,187. *See Takeda Pharm. Co. v. Mylan Inc.*, Case No. 13-CV-04001-EMC ("*Mylan 4001*"), ECF No. 1. The second August 28, 2013 action filed by Takada alleges that Mylan infringed on five other patents associated with Dexilant: 6,462,058; 6,664,276; 6,939,971; 7,285,668; and 7,790,755. *See Takeda Pharm. Co. v. Mylan Inc.*, Case No. 13-CV-04002-EJD ("*Mylan 4002*"), ECF No. 1.

Prior to filing *Mylan 4001* and *Mylan 4002*, Takeda was already party to eight actions regarding the Dexilant patents, including seven filed by Takeda alleging infringement by generic manufacturers and one action which was filed by a generic manufacturer against Takeda, *see* Case No. 13-CV-01927-LHK. These eight cases are assigned as follows:

- **The '755 Actions.** These four actions before Magistrate Judge Spero concern Dexilant patents **6,462,058**; **6,664,276**; **6,939,971**; **7,285,668**; **7,790,755**; and **7,737,282**. *See Takeda Pharm. Co. v. Handa Pharms. LLC*, Case No. 11-CV-00840-JCS, filed Feb. 23, 2011; *Takeda Pharm. Co. v. TWi Pharms., Inc.*, Case No. 11-CV-01609-JCS, filed Apr. 1, 2011; *Takeda Pharm. Co. v. Impax Labs., Inc.*, Case No. 11-CV-01610-JCS, filed Apr. 1, 2011; *Takeda Pharm. Co. v. Sandoz Inc.*, Case No. 12-CV-00446-JCS, filed Jan. 27, 2012.

- **The '158 Actions.** These four actions before the undersigned Judge concern Dexilant patents **8,173,158** and **8,461,187**. *See Par Pharm., Inc. v. Takeda Pharm. Co.*, Case No. 13-CV-01927-LHK, filed Apr. 26, 2013; *Takeda Pharm. Co. v. TWi Pharms., Inc.*, Case No. 13-CV-02420-LHK, filed May 29, 2013; *Takeda Pharm. Co. v. Impax Labs., Inc.*, Case No. 13-CV-02416-LHK, filed May 29, 2013; *Takeda Pharm. Co. v. Sandoz Inc.*, Case No. 13-CV-02418-LHK, filed May 29, 2013 and settled Oct. 22, 2013.

2

Case No.: 13-CV-01927-LHK
ORDER RELATING CASES

Although this Court previously suggested that "Judge Spero should preside over all of the ['158 Actions and '755 A]ctions," *see* July 9, 2013 Order Relating Cases, Case No. 13-CV-01927-LHK, ECF No. 29 at 3, Judge Spero could not preside over all cases because Takeda did not consent to having the '158 Actions heard by a Magistrate Judge. Case No. 13-CV-01927-LHK, ECF No. 8; Case No. 13-CV-02420-LHK, ECF No. 12; Case No. 13-CV-02416-LHK, ECF No. 11; Case No. 13-CV-02418-LHK, ECF No. 13. Thus, the '158 Actions were necessarily separated from the '775 Actions, despite this Court's position that all eight actions should appropriately be related to one another. *See* Case No. 13-CV-01927-LHK, ECF Nos. 29, 41.

**II.     THE INSTANT MOTIONS TO RELATE**

Before the Court now are three Motions to Relate concerning *Mylan 4001* and *Mylan 4002*. First, Takeda seeks to relate *Mylan 4001* to the '158 Actions pending before this Court because "[t]he patents at issue in the *Mylan 4001* action [8,173,158 and 8,461,187] are also at issue in the ['158 Actions]." Case No. 13-CV-01927-LHK, ECF No. 47 at 1 (First Motion to Relate). Second, Mylan seeks to relate *Mylan 4001* and *Mylan 4002* because "the two cases involve the same parties and subject matter" and "any possible settlement of the Mylan Dexilant Actions would need to be global." *Mylan 4001*, ECF No. 18 at 2, 4 (Second Motion to Relate). Mylan does not oppose Takeda's request to relate *Mylan 4001* to the '158 Actions, if, and only if, *Mylan 4002* is also related to *Mylan 4001* and the '158 Actions. Case No. 13-CV-01927-LHK, ECF No. 50 at 3-4. In other words, Mylan supports the First Motion to Relate if the Second Motion to Relate is granted and opposes the First Motion to Relate if the Second Motion to Relate is denied. In all cases, Takeda opposes Mylan's motion to relate *Mylan 4001* and *Mylan 4002* (the Second Motion to Relate) on the basis that "the patents at issue in [*Mylan 4001*]... have different specifications from, and are not based on applications related to, those leading to the patents in the Mylan 4002 action." Case No. 13-CV-01927-LHK, ECF No. 48, Ex. A at 4.

In the third Motion to Relate, Takeda seeks to relate *Mylan 4002* to the '755 Actions pending before Magistrate Judge Spero because those cases share the same patents at issue. *See Mylan 4002*, ECF No. 17 (Third Motion to Relate). However, because Mylan has declined to proceed

3

Case No.: 13-CV-01927-LHK
ORDER RELATING CASES

1  before a Magistrate Judge in *Mylan 4002*, *see Mylan 4002*, ECF No. 14, this Motion is moot, as Takeda

2  concedes. *See* Case No. 13-CV-01927-LHK, ECF No. 48, Ex. A at 2.

3        Other than Takeda's opposition described above, the parties to the '158 Actions and '755

4  Actions raise no substantive opposition to any of the three Motions to Relate *Mylan 4001* or *Mylan*

5  *4002* to one another or to the '158 Actions or '755 Actions.

## III. DISCUSSION

According to Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Here, the Court GRANTS Takeda's Motion to Relate *Mylan 4001* to the '158 Actions for the same reasons the Court articulated in its July 9, 2013 Order granting Takeda's similar motion to relate Case No. 13-CV-01927-LHK to the remaining '158 Actions. *See* Case No. 13-CV-01927-LHK, ECF No. 29. Specifically, the Court finds that the first prong of Civil Local Rule 3-12(a) is satisfied because *Mylan 4001* and the '158 Actions all concern identical patents, 8,173,158 and 8,461,187; share Takeda as a party; and regard the same "transaction or event," an ANDA application to produce a generic version of Dexilant. *See* Case No. 13-CV-01927-LHK, ECF No. 48, Ex. A. Thus, it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(2). In making this finding, the Court notes Mylan's concession that "[i]f Mylan's motion [to relate *Mylan 4001* and *Mylan 4002*] is approved, Mylan does not oppose the relation of the Mylan Dexilant Actions to the ['158 Actions]," because "[t]his two-part relation will better serve the goals of Civil Local Rule 3-12 and will conserve judicial resources." Case No. 13-CV-01927-LHK, ECF No. 50 at 3 (Limited Opposition to First Motion to Relate).

The Court recognizes that it would be preferable to relate *Mylan 4002* to the '755 Actions in order to preserve the distinction that has emerged between the patents under consideration in the '755 Actions versus in the '158 Actions. However, as not all parties consent to a Magistrate Judge, this is not an option. *See Mylan 4002*, ECF No. 14. Thus, the Court finds that relating *Mylan 4002* to

4

Case No.: 13-CV-01927-LHK
ORDER RELATING CASES

1  *Mylan 4001* and the '158 Actions is the best possible result to avoid "unduly burdensome
2  duplication of labor and expense or conflicting results if the cases are conducted before different
3  Judges." Civ. L.R. 3-12(a)(2).
4        The Court thus GRANTS Mylan's Motion to Relate *Mylan 4002* to *Mylan 4001*, and
5  accordingly relates *Mylan 4002* to the '158 Actions. All of the '158 Actions concern the same
6  parties, i.e. Takeda and in some cases, Mylan. All regard ANDA applications to produce generic
7  Dexilant. The Court recognizes that *Mylan 4002* differs from the other '158 Actions in that it
8  concerns the patents at issue in the '755 Actions and not the patents at issue in the '158 Actions.
9  *Compare Mylan 4001*, ECF No. 1, *with Mylan 4002*, ECF No. 1. Indeed, Takeda opposes relation
10 of *Mylan 4001* and *4002* on the basis that the claim construction for the patents at issue in each
11 case will not overlap. *See* Case No. 13-CV-01927-LHK, ECF No. 48, Ex. A at 3. However, the
12 Court does not find Takeda's argument compelling. First, all of the patents at issue in *Mylan 4001*
13 and *4002* are owned by Takeda and underlie the same drug, Dexilant. Second, as discussed above,
14 the Court already found in its July 9, 2013 Order that actions regarding all of these patents may be
15 properly related. *See* Case No. 13-CV-01927-LHK, ECF No. 29 at 3 ("Judge Spero should preside
16 over all of the ['158 Actions and '755 A]ctions"). The division of the '158 Actions from the '755
17 Actions was simply due to Takeda's refusal to consent to a Magistrate Judge in the '158 Actions;
18 this division was not made based on an intentional distinction between the patents at issue in the
19 two clusters of cases. *Id*.
20       Finally, the Court DENIES as moot Takeda's Motion to Relate *Mylan 4002* to the '755
21 Actions on the basis that not all parties to *Mylan 4002* consented to proceed before a Magistrate
22 Judge.

25 **IT IS SO ORDERED.**
26 Dated: October 23, 2013

_____
LUCY H. KOH
United States District Judge

5

Case No.: 13-CV-01927-LHK
ORDER RELATING CASES