UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAKEDA PHARMACEUTICAL CO., LTD., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MYLAN INC., et al.,<br><br>        Defendants. | Case No.: 13-CV-04001-LHK<br><br>**ORDER DENYING TAKEDA'S ADMINISTRATIVE MOTION TO SEAL** |

Before the Court is an administrative motion to seal brought by Plaintiffs Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A, Inc., and Takeda Pharmaceuticals America, Inc. (collectively, "Takeda"). ECF No. 62. Takeda seeks to seal a brief and an exhibit filed in connection with Defendants Mylan Inc. and Mylan Pharmaceuticals Inc.'s (collectively, "Mylan") Partial Motion to Dismiss Takeda's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* No. 14-00314, ECF No. 12.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

1   U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong

2   presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

3         Parties seeking to seal judicial records relating to dispositive motions bear the burden of

4   overcoming the presumption with "compelling reasons supported by specific factual findings" that

5   outweigh the general history of access and the public policies favoring disclosure.  *Kamakana*,

6   447 F.3d at 1178-79.  Compelling reasons justifying the sealing of court records generally exist

7   "when such 'court files might have become a vehicle for improper purposes,' such as the use of

8   records to gratify private spite, promote public scandal, circulate libelous statements, or release

9   trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact," however, "that the

10  production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

11  litigation will not, without more, compel the court to seal its records." *Id.*  Dispositive motions

12  include Rule 12(b)(1) motions to dismiss.  *See Hodges v. Apple Inc.*, No. 13-CV-01128-WHO,

13  2013 WL 6070408, at *1 (N.D. Cal. Nov. 18, 2013) ("A motion to dismiss is a dispositive

14  motion."); *see also In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1231

15  (9th Cir. 2006) (characterizing "motions to dismiss" as "dispositive motions").

16        In addition, parties moving to seal documents must comply with the procedures established

17  by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request

18  that establishes the document is "sealable," or "privileged or protectable as a trade secret or

19  otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  "The request must be

20  narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-

21  5(d)." *Id.*  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed

22  order that is narrowly tailored to seal only the sealable material" and that "lists in table format

23  each document or portion thereof that is sought to be sealed," as well as an "unredacted version of

24  the document" that "indicate[s], by highlighting or other clear method, the portions of the

25  document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).  "Within 4 days of

26  the filing of the Administrative Motion to File Under Seal, the Designating Party must file a

27

28

2

Case No.: 13-CV-04001-LHK
ORDER DENYING TAKEDA'S ADMINISTRATIVE MOTION TO SEAL

declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motion as follows:

| **Motion to Seal** | **ECF No.** | **Document to be Sealed** | **Ruling** |
|---|---|---|---|
| 62 | 62-3 | Takeda's Opposition to Mylan's Partial Motion to Dismiss Takeda's Complaint | DENIED WITHOUT PREJUDICE because Mylan, as the "Designating Party," has failed to "file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1). |
| 62 | 62-4 | Ex. B to the Takahashi Declaration in Support of Takeda's Opposition to Mylan's Partial Motion to Dismiss Takeda's Complaint | DENIED WITHOUT PREJUDICE because Mylan, as the "Designating Party," has failed to "file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1). |

If Mylan wishes to have these documents filed under seal, Mylan must file a renewed motion to seal, along with its accompanying declaration, within seven (7) days.

**IT IS SO ORDERED**.

Dated: January 14, 2015

_____
LUCY H. KOH
United States District Judge